Freeman v. 1199 SEIU Health Care Employees Pension Fund

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fourteen.

PRESENT:

**DENNIS JACOBS,**
**ROSEMARY S. POOLER,**
*Circuit Judges,*

**NELSON S. ROMÁN,**[*]
*District Judge.*

_____

Curtis L. Freeman,

        *Plaintiff-Appellant*,

      v.                                                                12-1515

1199 SEIU Health Care Employees Pension Fund,

        *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:      Curtis L. Freeman, *pro se*, Brooklyn, NY.

_____

[*]Judge Nelson S. Román, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:**     Suzanne A. Metzger, Assistant General Counsel, 1199 SEIU Benefit & Pension funds, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Curtis L. Freeman, *pro se*, appeals the district court's grant of summary judgment in favor of 1199 SEIU Health Care Employees Pension Fund ("Fund") in Freeman's suit alleging that the Fund failed to properly compute his entitlements under a defined benefit pension plan. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment to the Fund. We affirm for substantially the same reasons stated by the district court in its decision filed March 30, 2012.

We have considered all of Freeman's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk